**In re Robert P. HICKS, Debtor.**

**Robert A. PATRICK, Plaintiff,**

**v.**

**Robert P. HICKS, Defendant.**

**Bankruptcy No. 84–446.
Adv. No. 85–12.**

United States Bankruptcy Court,
D. New Hampshire.

Dec. 11, 1986.

Ronald Caron, Manchester, N.H., for plaintiff.

Michael Gould, Meredith, N.H., for defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding was tried before the court on June 24, 1986 and at a

hearing on August 18, 1986 at which time the court's receipt of evidence was completed and the court heard the parties in oral argument. The trial proceeded on the plaintiff's Objection and Complaint as to Dischargeability, as amended, and as modified by this court's pre-trial order of February 11, 1986. Thus, the trial proceeded on the plaintiff's charge pursuant to 11 U.S.C. § 523(a)(2) which provides in relevant part as follows:

Section 523. *Exceptions to Discharge.*

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) False pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

The gravamen of the plaintiff's charge against the debtor-defendant is that the debtor misrepresented the financial state of affairs of the partnership or joint business enterprise comprised of the debtor, the plaintiff, and a David J. Bowman, under a preconceived plan with an outside party to defraud plaintiff. The plaintiff's complaint alleged that the debtor intentionally acted to obtain $25,000.00 from the plaintiff and to derive gain from the business venture to the exclusion of Mr. Patrick.

At oral argument the plaintiff claimed that the defendant had committed actual fraud within the meaning of § 523(a)(2)(A) by representing that the joint business venture had no further funds with which to continue operating; that said representation was false; and that it induced the plaintiff to drop out of the joint venture by selling his interest therein to the defendant.

The facts giving rise to the plaintiff's claim that the defendant owes him a debt which is not dischargeable in bankruptcy stem from a Contract for Deed dated September 8, 1983 by which the plaintiff, de-

fendant, and David Bowman agreed to join together in purchasing a certain piece of real property located at Lawrence Street, Belmont, Belknap County, New Hampshire and known as the Belmont Mill. The terms of this Contract for Deed called for the three joint venturers to purchase said mill property on an installment sale basis for a total purchase price of $140,000.00.

The three buyer-joint venturers were to pay $5,000.00 thereof upon execution of the Contract for Deed with the Contract for Deed becoming due in its entirety on September 8, 1984. Interest payments were due on a monthly basis to the seller commencing on October 8, 1983. Among other obligations of the buyers under the Contract for Deed was the obligation to expend not less than $10,000.00 on improvements and repairs to the mill premises during the term of the Contract for Deed. The Contract for Deed further provided for a final closing date of September 8, 1984 at which time the escrow agent would release a warranty deed from the seller to the buyer-joint venturers and they would pay the seller the balance then due under the Contract for Deed. The agreement further provided, however, for the possibility of a twelve month extension of the contract period. Hence, at the time of its execution on September 8, 1983 it was contemplated that actual title to the real estate would pass to the joint venturers only one or two years after the execution of the agreement.

As of the September 8, 1983 execution of the Contract for Deed, the three buyers were to enter into possession of the mill property and were to continue in possession during the life of the Contract for Deed agreement. These joint venturers did in fact take possession and attempted to lease the mill space to various other commercial enterprises. This was a difficult undertaking since the space was unheated and the winter was approaching.

As among the three joint venturers themselves, it was agreed that they would purchase the Belmont Mill property under the Contract for Deed as follows: that Robert A. Patrick, the plaintiff herein, would sup-

ply $20,000.00 cash to be used for the down payment of $5,000.00 and the balance of $15,000.00 to be supplied as needed in attempting to clean-up and refurbish the mill and to lease the space to others; Robert P. Hicks and David J. Bowman, both commercial real estate brokers by profession, would each contribute their real estate commissions on the purchase of approximately $5,000.00 each. It was further agreed that Robert A. Patrick would be able to take the income tax deductions and benefits attributable to equitable ownership of the real property.

Robert P. Hicks' responsibilities during the period of the joint venture were to hire contractors to clean out the mill and to show the space to prospective tenants and to make a daily inspection of the property. David J. Bowman was responsible for all advertising and press releases and the handling of the financial affairs of the enterprise. Mr. Bowman was also to prepare a monthly report concerning the operation and refurbishing of the mill property. This report was to be given to the seller under the Contract for Deed, Tioga Realty, and to Robert A. Patrick for their review. Mr. Bowman also solicited funds from Mr. Patrick on an as needed basis and Mr. Patrick supplied those funds up to his agreed amount of $20,000.00.

In January 1984 Mr. Bowman's monthly report indicated that the mill project would be having a net operating loss for that month of approximately $500.00 without any additional accounting for clean-up, repairs and maintenance. As a result of this report and the slow progress being made with the mill venture a meeting was held among the three principals. During this January 1984 meeting Mr. Patrick indicated quite clearly that he did not want to put any additional funds into the mill project. He was in fact adamant on the subject. Mr. Bowman also indicated that he was financially unable to commit further funds to the project.

As a result of this January 1984 meeting it was agreed among the three joint venturers that Mr. Hicks would purchase the interest of the other two principals, Mr. Bowman and Mr. Patrick. It was agreed that Mr. Hicks would pay Mr. Bowman the sum of $8,000.00—$5,000.00 for his brokerage commission investment in the project and the balance being for his efforts and work committed to the project between September 1983 and January 1984. Mr. Hicks further agreed to repay the $20,000.00 invested by Mr. Patrick and signed a promissory note to that effect. Mr. Hicks thereupon also borrowed an additional $5,000.00 from Mr. Patrick to pay bills due concerning the mill property and to pay a $1,000.00 down payment to Mr. Bowman. The documents reflecting these agreements among the joint venturers were drafted by David Bowman and signed by the three venturers on February 2, 1984. Thus was accomplished Mr. Hicks' purchase of the interests of Bowman and Patrick in the Contract for Deed and associated joint venture.

The charge made by the plaintiff, Mr. Patrick, is that Mr. Hicks owes him a debt in the amount of $25,000.00 which is non-dischargeable pursuant to § 523(a)(2)(A) due to the fact that Mr. Hicks obtained said amount from Mr. Patrick by means of actual fraud, to wit, representing to Mr. Patrick in the above-described January 1984 meetings that funds were not available to continue the mill venture when in fact funds were available to do so, and that Mr. Hicks thereby acted to induce Mr. Patrick to drop out of the venture, all for the alleged purpose of Mr. Hicks deriving gain from the venture to the exclusion of Mr. Patrick.

The court cannot sustain the contention of the plaintiff on the evidence submitted due to the fact that it is uncontroverted that during the January 1984 meetings the defendant gave the plaintiff a clear option or alternative to remain involved in the parties' joint business venture. At that time, when the plaintiff stated that he did not wish to put any further funds into the project, the defendant advised the plaintiff that if he were not willing to do so, but wanted to stay with the project, the defendant had available another party who would invest funds in return for a share of the

business enterprise, i.e., defendant proposed that a fourth venturer would be added to the project. The fact that the defendant did not name this additional party is immaterial. Plaintiff could have asked for the name. His failure to do so corroborates the fact that he just "wanted out" of the venture. In other words the facts *are clear* that the defendant gave the plaintiff a chance to either put more cash into the joint venture *or* have a fourth venturer come into the enterprise. The fact that the defendant gave the plaintiff a clear option or alternative to remain in the venture negates any inference of a fraudulent intent on the defendant's part to induce the plaintiff to drop out of the enterprise.

In my judgment the business situation the venturers found themselves in in January of 1984 was the result of bad business judgment rather than any fraudulent activity. They took over an unheated property, used until then for boat storage purposes, and simply overestimated revenues and underestimated carrying charges for the winter of 1983–84 until they could renovate and acquire long-term tenants. When the shortfall occurred, plaintiff had the opportunity to put more money into the venture, to protect his investment until the intrinsic value of the property could be realized, but he made a business judgment not to do so.

It was plaintiff's burden to prove that defendant Hicks had an intent to deceive the plaintiff—which he has failed to do. The court is compelled therefore to find that any debt which the defendant may owe the plaintiff does not fall within the provisions of 11 U.S.C. § 523(a)(2)(A) and hence is dischargeable in bankruptcy. Accordingly a separate judgment shall be entered in favor of the defendant and dismissing the plaintiff's complaint in its entirety.